1
2
3
4
5
6

SO. CAL. EQUAL ACCESS GROUP
Jason Yoon (SBN 306137)
John Y. Kim (SBN 225248)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 252-8008
Facsimile:  (213) 252-8009
scalequalaccess@yahoo.com

Attorneys for Plaintiff,
FRANCISCO GARCIA

7
8
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| FRANCISCO GARCIA,<br><br>              Plaintiff,<br><br>      vs.<br><br>FOOD & FAMILY LLC D/B/A NONG<br>LA CAFE; and DOES 1 through 10,<br><br>              Defendants. | **Case No.:**<br><br>COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES FOR<br>VIOLATION OF:<br><br>1.  AMERICANS WITH DISABILITIES<br>ACT, 42 U.S.C. §12131 et seq.;<br><br>2.  CALIFORNIA'S UNRUH CIVIL<br>RIGHTS ACT, CAL CIV. CODE §§ 51 -<br>52 et seq.;<br><br>3.  CALIFORNIA'S DISABLED<br>PERSONS ACT, CAL CIV. CODE §54 et<br>seq.<br><br>4.  CALIFORNIA'S UNFAIR<br>COMPETITION ACT, CAL BUS & PROF<br>CODE § 17200, et seq.<br><br>5.  NEGLIGENCE |

23
24
25
26
27
28

        Plaintiff FRANCISCO GARCIA ("Plaintiff") complains of Defendants FOOD &
FAMILY LLC D/B/A NONG LA CAFE; and DOES 1 through 10 ("Defendants") and
alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction of this action pursuant to 28 USC §1331 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et seq.*).

2.      Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54., 54.3 and 55.

3.      Venue is proper in this court pursuant to 28 USC §1391(b).  The real property which is the subject of this action is located in this district, in Los Angeles, Los Angeles County, California, and that Plaintiff's causes of action arose in this district.

**PARTIES**

4.      Plaintiff is a California resident with a physical disability who requires the use of a wheelchair at all times when traveling in public.

5.      Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for NONG LA CAFE ("Business") located at or about 2055 Sawtelle Blvd., Los Angeles, California.

6.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained.  Plaintiff is informed and believes and, based thereon, alleges that each such fictitiously named Defendants are responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

7.      Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other Defendants, and/or was acting in concert with each of the other Defendants, and in doing the things alleged herein was acting with the knowledge and consent of the other Defendants and within the course and scope of such agency or employment relationship.

8.      Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and severally.

## **FACTUAL ALLEGATIONS**

9.      On or about April 4, 2017, Plaintiff went to the Business.  On or about May 25, 2017, Plaintiff returned to the Business.  The Business is a restaurant business establishment, which is open to the public, is a place of public accommodation and affects commerce through its operation.

10.      While attempting to enter the Business during each of the visits, Plaintiff personally encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business.  To the extent of Plaintiff's personal knowledge, the barriers at the Business included, but were not limited to, the following:

a.      Defendants failed to comply with the federal and state standards for the door of the business.  Defendants failed to provide the compliant door.

b.      The aisles of the Business did not comply with the federal standards.  The aisles are too narrow for s to travel or turn.

c.      Defendants failed to comply with the federal standard for the restroom.  The restroom was not accessible and violated various American with Disability Act Accessibility Guideline ("ADAAG") requirements, including but not limited to, grab bars and floor clearance in in the restroom.

11.      These barriers and conditions denied Plaintiff the full and equal access to the Business.  Plaintiff wishes to patronize the Business again because it is conveniently located.  However, Plaintiff is deterred from visiting the Business because his knowledge of these violations prevents him from returning until the barriers are removed.

12.     Based on the violations, Plaintiff alleges, on information and belief, that there are additional barriers to accessibility at the Business after further site inspection. Plaintiff seeks to have all barriers related to his disability remedied.  *See Doran v. 7-Eleven*, *Inc.* 524 F.3d 1034 (9th Cir. 2008).

13.     In addition, Plaintiff alleges, on information and belief, that Defendants knew that particular barriers render the Business inaccessible, violate state and federal law, and interfere with access for the physically disabled.

14.     At all relevant times, Defendants had and still have control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled in compliance with ADDAG and Title 24 regulations.  Defendants have not removed such barriers and have not modified the Business to conform to accessibility regulations.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

15.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

16.     Under the Americans with Disabilities Act of 1990 ("ADA"), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation.  *See* 42 U.S.C. § 12182(a).

17.     Discrimination, *inter alia*, includes:

            a.      A failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of

such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.    A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii).

c.    A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

d.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path or travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope. 42 U.S.C. § 12183(a)(2).

18.     Doorways shall have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees, measured between the face of the door and the *opposite* stop.  The side space of the door must be at least 18 inches.  1991 ADA Standards § 4.13.5.

19.     Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees. Openings more than 24 inches (610 mm) deep shall provide a clear opening of 36 inches (915 mm) minimum. There shall be no projections into the required clear opening width lower than 34 inches (865 mm) above the finish floor or ground. Projections into the clear opening width between 34 inches (865 mm) and 80 inches (2030 mm) above the finish floor or ground shall not exceed 4 inches (100 mm).  2010 ADA Standards § 404.2.3

20.     Here, Defendants failed to provide the entrance door compliant with the Standards.

21.     The minimum clear width for single passage shall be 32 in (815 mm) at a point and 36 in (915 mm) continuously.  1991 ADA Standards § 4.2.1.  The clear width of walking surfaces shall be 36 inches (915 mm) minimum.  Exception: The clear width shall be permitted to be reduced to 32 inches (815 mm) minimum for a length of 24 inches (610 mm) maximum provided that reduced width segments are separated by segments that are 48 inches (1220 mm) long minimum and 36 inches (915 mm) wide minimum. 2010 ADA Standards § 403.5.1.

22.     The minimum width for two wheelchairs to pass is 60 in (1525 mm).  1991 ADA Standards § 4.2.2.  The space required for a wheelchair to make a 180-degree turn is a clear space of 60 in (1525 mm) diameter or a T-shaped space.  1991 ADA Standards § 4.2.3.

23.     The minimum clear floor or ground space required to accommodate a single, stationary wheelchair and occupant is 30 in by 48 in (760 mm by 1220 mm).  The minimum clear floor or ground space for s may be positioned for forward or parallel approach to an object. Clear floor or ground space for s may be part of the knee space

required under some objects.  1991 ADA Standards § 4.2.4.1.  One full unobstructed side of the clear floor or ground space for a wheelchair shall adjoin or overlap an accessible route or adjoin another clear floor space. If a clear floor space is located in an alcove or otherwise confined on all or part of three sides, additional maneuvering clearances shall be provided.  1991 ADA Standards § 4.2.4.2.

24.     The hallways of the Business did not comply with the federal standards. The widths of the hallways and aisles of the Business were woefully inadequate for Plaintiff with his wheelchair to travel or turn.  The hallways were too narrow for the wheelchairs to travel or turn.

25.     The side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.  2010 ADA Standards § 604.5.1.  The rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.  2010 ADA Standards § 604.5.2

26.     Here, Defendants failed to install the grab bars compliant with the Standards.

27.     A clear floor space 30 in by 48 in (760 mm by 1220 mm) shall be provided in front of urinals to allow forward approach. This clear space shall adjoin or overlap an accessible route and shall comply with 4.2.4. Urinal shields that do not extend beyond the front edge of the urinal rim may be provided with 29 in (735 mm) clearance between them.  1991 ADA Standards § 4.18.3

28.     Here, Defendants failed to comply with the federal standard by failing to provide adequate clear floor space in front of urinals.

29.     A clear floor space 30 in by 48 in (760 mm by 1220 mm) complying with 4.2.4 shall be provided in front of a lavatory to allow forward approach. Such clear floor space shall adjoin or overlap an accessible route and shall extend a maximum of 19 in (485 mm) underneath the lavatory. 1991 ADA Standards § 4.19.3

30.     Here, Defendants failed to comply with the federal standard by failing to provide adequate clear floor space in front of a toilet.

31.     A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).  By failing to maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related regulations.

32.     The Business has denied and continues to deny full and equal access to Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

33.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

34.     California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

35.     California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any

attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

36.     California Civil Code § 51(f) specifies, "a violation of the right of any individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

37.     The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

38.     The violations of the Unruh Civil Rights Act caused Plaintiff to experience difficulty, discomfort, or embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

39.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

40.     California Civil Code § 54.1(a) states, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, loading places, places of public accommodations, amusement, or resort, and other places in which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

41.     California Civil Code § 54.3(a) states, "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 54, 54.1, and 54.2.

42.     California Civil Code § 54(d) specifies, "a violation of the right of an individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also constitute a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

43.     The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, and facilities by physically disabled persons within the meaning of California Civil Code § 54.  Defendants have discriminated against Plaintiff in violation of California Civil Code § 54.

44.     The violations of the California Disabled Persons Act caused Plaintiff to experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION ACT

45.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

46.     Defendants have engaged in unfair competition, unfair or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act. Bus & Prof. Code §§ 17200 *et seq.*

47.     Defendants engage in business practices and policies that create systemic barriers to full and equal access for people with disability in violation of state and federal law.

48.     The actions and omissions of Defendants are unfair and injurious to Plaintiff, a consumer of the Business' goods and services.  As a result of Defendants' unfair business practice and policies, Plaintiff suffered injury in fact.  Plaintiff was not provided with goods and services provided to other consumers.  Plaintiff seeks relief necessary to prevent Defendants' continued unfair business practices and policies and restitution of any month that Defendants acquired by means of such unfair competition, including profits unfairly obtained.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE

49.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

50.     Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

51.     Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

52.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.     For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2.      Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3.      Award of all reasonable restitution for Defendants' unfair competition practices;

4.      Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5.      Prejudgment interest pursuant to California Civil Code § 3291; and

6.      Such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: January 3, 2018          SO. CAL. EQUAL ACCESS GROUP



By:    _/s/ Jason Yoon_____
       Jason Yoon, Esq.
Attorneys for Plaintiff